UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WYN BOWDEN,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al*,

    Defendants.

Case No. C08-5516FDB-KLS

SECOND ORDER TO SHOW CAUSE REGARDING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND CIVIL RIGHTS COMPLAINT

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's response to the Court's order to show cause regarding his filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. (Dkt. #8).

In that order, the Court noted that on August 19, 2008, plaintiff filed a number of documents consisting of the following: a "notice of preparation of legal notice and declaration" and "emergency motion for federal intervention and protection," along with various attached exhibits (Dkt. #1); a "revised notice of preparation" of his emergency motion (Dkt. #2); and a "notice to the United States Marshals Service, and to the Court" (Dkt. #3). These documents presented allegations that he was being hindered from practicing his religion by the actions of various prison officials, that he was being threatened with a

ORDER
Page - 1

transfer to another prison facility against his wishes, and that he was being denied adequate legal materials with which to pursue this action. The Court further noted that on August 18, 2008, plaintiff filed a letter addressed to the United States Marshals and the Court addressing similar concerns (Dkt. #4), and that on August 27, 2008, he filed a third "emergency motion for federal intervention and protection" and attached exhibits. (Dkt. #6).

In addition, the Court pointed out that on August 26, 2008, the Clerk sent plaintiff a letter (Dkt. #5) informing him that he must either pay the $350.00 Court filing fee or submit a proper application to proceed *in forma pauperis* by September 25, 2008, or this matter could be subject to dismissal. In that letter the Clerk informed plaintiff that he needed to provide a copy of his prison trust account statement showing transactions for the past six months, and that he must complete and return the written consent for payment of costs required by Local Rule CR 3(b). The Clerk also stated in the letter that he had provided an insufficient number of copies of his complaint for service.

The Court found that none of the documents referenced in the second paragraph above constituted a proper complaint. See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) (pleading that states claim for relief must contain short and plain statement of grounds for court's jurisdiction, short and plain statement of claim showing pleader is entitled to relief, and demand for relief sought). Rather, they were all noted as notices or motions, even though plaintiff had not properly initiated this action by paying the required filing fee or filing a proper application to proceed *in forma pauperis* and by filing a proper complaint. Accordingly, the Court informed plaintiff that it would not consider any of those documents, and would return them to plaintiff as they appeared to contain a number of original documents.

The Court also ordered that by no later than October 8, 2008, plaintiff, as directed by the Clerk in his August 26, 2008 letter, shall:

> (1) (i) pay the $350.00 Court filing fee, or (ii) submit (a) a properly completed application to proceed *in forma pauperis*, (b) a copy of his prison trust account showing the balance and activity of his account for the past six months as required by 28 U.S.C. § 1915(a)(2), (c) the written acknowledgment and authorization form, authorizing the agency having custody over him to collect from his prison trust account an initial partial filing fee and subsequent monthly payments until the full filing fee is paid as required by 28 U.S.C. § 1915(b), and (d) the written consent for payment of costs required by Local Rule CR 3(b); and
>
> (2) file a complaint in accordance with Fed. R. Civ. P. 8(a) on the Court-approved form used for filing civil rights complaints.

1 Plaintiff was warned that failure to cure these deficiencies by the above date would be deemed a failure to
2 properly prosecute this matter, and that the Court would recommend dismissal of this matter. The Court
3 directed the Clerk to send plaintiff the appropriate complaint and *in forma pauperis* application forms,
4 and to return to him all of documents he has filed in this matter to date.

5 On October 15, 2008, the Clerk received from plaintiff an *in forma pauperis* application (Dkt.
6 #11) and a copy of his civil rights complaint using the Court-approved complaint form (Dkt. #12). The *in
7 forma pauperis* application plaintiff submitted, however, remains deficient. First, plaintiff submitted the
8 wrong acknowledgment and authorization form with his application. That form references payment of the
9 old $250 Court filing fee. The current filing fee is $350. As directed below, the Clerk will send plaintiff
10 a copy of the correct, updated acknowledgment and authorization form, which plaintiff shall complete and
11 return to the Court.

12 In addition, while plaintiff did complete and return a copy of the required written consent form, he
13 added the following language thereto: "If Plaintiff prevails, Defendants must pay all." The Court will not
14 accept the written consent form as submitted. As such, the Clerk will be directed to send plaintiff another
15 copy of the written consent form, which plaintiff shall complete, by <u>only</u> printing his name and the date in
16 the appropriate spaces provided therefor, sign and return to the Court.

17 Plaintiff's complaint is deficient too. As noted above, in its prior order to show cause, the Court
18 informed plaintiff that the documents he filed did not constitute a proper complaint, but rather he must file
19 one on the proper Court-approved form. In addition, pursuant to Fed. R. Civ. P. 8(a), the complaint must
20 contain a short and plain statement of grounds for the Court's jurisdiction, a short and plain statement of
21 claim showing that plaintiff is entitled to relief, and a demand for relief sought. Plaintiff's complaint does
22 not set forth the Court's jurisdiction over this matter. First, the complaint fails to state which federal laws
23 or constitutional provisions defendants' alleged actions violate. Second, no demand for relief is provided
24 anywhere in the body of the complaint.

25 The Court further finds the complaint is not fit for service. This is because while plaintiff did
26 provide copies of the complaint for service, he submitted them with various documents substantially
27 similar to those noted above which the Court stated it would not accept, and physically attached them to
28 numerous "exhibits" and to other documents (including a copy of the Court's prior order to show cause)

which appear to have little bearing on the actual claims being made. Plaintiff also has not submitted any properly completed forms for service of the complaint.

Accordingly, the Court hereby orders as follows:

(1) Plaintiff shall submit a completed and signed copy of the proper, updated acknowledgment and authorization form referencing the $350 Court filing fee.

(2) Plaintiff shall submit a copy of the written consent form containing only his printed name, the proper date and his signature in the spaces provided, with no other changes made to the form.

(3) Plaintiff shall submit an amended complaint using the proper Court-approved complaint form. The amended complaint shall contain: (i) a short and plain statement of plaintiff's claim or claims showing he is entitled to relief; (2) a short and plain statement of which federal laws or constitutional provisions, if any, plaintiff is claiming defendants' alleged actions have violated; and (3) a demand for relief. **Plaintiff shall submit a properly completed service form and copy of the amended complaint for service on each named defendant. Plaintiff further shall not submit with or attach to the amended complaint any other exhibits, motions or other documents.**

**Plaintiff is warned that failure to respond to this Order by filing *all* of the above with the Court by no later than November 23, 2008, *exactly as stated herein* will result in a recommendation that this matter be dismissed without prejudice for failure to prosecute.**

The Clerk is directed to send a copy of this Order to plaintiff, along with copies of the appropriate written consent, acknowledgment and authorization, complaint and service forms.

DATED this 24th day of October, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4