UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WYN BOWDEN,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al*,

    Defendants.

Case No. C08-5516FDB-KLS

ORDER REGARDING PLAINTIFF'S OBJECTION TO STIPULATED PAYMENT OF COSTS

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a document titled "Plaintiff's Objection to Stipulated Payment of Costs." (Dkt. #24). After reviewing this document and the remaining record, the Court hereby finds and orders as follows:

On October 24, 2008, the Court issued a second order to show cause, noting therein that although plaintiff did complete and return a copy of the required written consent form pursuant to Local Rule CR 3(b), he added the following language thereto: "If Plaintiff prevails, Defendants must pay all." (Dkt. #13). The Court informed plaintiff that it would not accept the written consent form as submitted. The Court directed the Clerk to send plaintiff another copy of the written consent form for him to complete by <u>only</u> printing his name and the date in the appropriate spaces provided therefor, sign and return to the Court.

ORDER
Page - 1

1  Plaintiff was ordered not to make any other changes to that form.

2  On November 14, 2008, plaintiff complied with the Court's order to show cause by completing, signing and filing the written as directed. (Dkt. #23). That same day, plaintiff also filed his Objection to Stipulated Payment of Costs, in which he objects to having to pay the costs of litigating this case without first having prevailed on his claims. Although not so captioned or properly filed, it appears plaintiff here is asking the Court to reconsider its requirement that plaintiff complete, sign and file the written consent form as directed. Accordingly, the Court shall treat it as a motion for reconsideration.

Local Rule CR 7 states:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff, however, has not submitted any new facts or legal authority which could not have been brought to the Court's attention earlier, nor has he shown any manifest error in the Court's prior ruling. Indeed, it is not clear exactly what plaintiff is objecting to here, as no reduction in the amount of damages that may be recovered by him will be incurred, <u>unless and until</u> he prevails on his claims.

To the extent plaintiff is arguing that such reduction should not be incurred even if he prevails, that argument is rejected as such is the requirement for seeking to prosecute a civil complaint in federal court without first having paying the mandatory filing fee. This is only fair given that should plaintiff ultimately not prevail in this action, the Court may be unable to re-coup any costs <u>it</u> incurs in foregoing the required filing fee and allowing plaintiff to proceed here in *in forma pauperis*. Accordingly, plaintiff's motion for reconsideration (Dkt. #23) hereby is DENIED.

The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 11th day of December, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge