1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WYN BOWDEN,

              Plaintiff,

    v.

CHRISTINE O. GREGOIRE, *et al*,

              Defendants.

Case No. C08-5516FDB-KLS

ORDER DENYING PLAINTIFF'S MOTIONS

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on plaintiff's filing of a motion for an extension of time (Dkt. #14), and two motions for production of documents (Dkt. #15 and #31). After reviewing plaintiff's motions and the balance of the record, the Court finds and orders as follows:

     In his motion for an extension of time, plaintiff requests that the Court either (1) grant him at least a 30-day stay or (2) grant him all he "has reasonably requested" in his previous motions <u>and</u> order that (i) all of his personal property in his possession be directly transported to the Washington State Department of Correction's ("DOC") Stafford Creek Corrections Center, or (ii) he be provided with appropriate housing in a cell to himself in the DOC's Clallam Bay Corrections Center – Medium Security Complex until arrangements can be made to transfer him with his personal property. (Dkt. #14, pp. 6-7). Plaintiff, however, fails to give any convincing support for these requests.

First, plaintiff does not state why he wants the 30-day or longer stay. To the extent such a request is for the purpose of accomplishing his other requests, plaintiff has not set forth specifically those things he asserts he previously has "reasonably requested." In addition, plaintiff does not indicate who he wants the Court to order transfer of his property or person. To the extent it is the DOC, the Court is without the authority to do so. "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, the Court "has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Here, because the DOC is not a party to this case, the Court has no power or authority to order it to transfer plaintiff or his property.

The Court also finds without merit plaintiff's two motions for production of documents. In his first such motion, plaintiff requests that the Clallam Bay Corrections Center – Public Disclosure Office personnel be ordered to produce "all documentation on him now in their possession," along with photocopies thereof. (Dkt. #15). In his second such motion, plaintiff requests Cynthia Hood, the DOC's Public Disclosure Unit's Public Disclosure Specialist, mail him "all documents referenced as legal mail." (Dkt. #31). Plaintiff, however, has not explained why such documents should be ordered produced at this juncture in the proceedings. Discovery has not yet commenced, and, indeed, plaintiff's complaint has yet to even be served. In addition, none of the persons or entities from whom plaintiff is seeking such production is a party to this case. Thus, while plaintiff might be able to obtain what he now is seeking in discovery, the Court is without power or authority to order its production now.

Accordingly, for all of the foregoing reasons, plaintiff's motion for an extension of time (Dkt. #14) and two motions for production of documents (Dkt. #15 and #31) hereby are DENIED.

The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 6th day of January, 2009.

Karen L. Strombom
United States Magistrate Judge