UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE WYN BOWDEN,<br><br>                Plaintiff,<br><br>     v.<br><br>CHRISTINE O. GREGOIRE, *et al*,<br><br>                Defendants. | Case No. C08-5516FDB-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF UNRESTRICTED ACCESS TO PRISON LAW LIBRARY |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court on plaintiff's filing of a motion for order of unrestricted access to the Clallam Bay Corrections Center ("CBCC") law library during open hours. (Dkt. #33). After reviewing plaintiff's motion and the balance of the record, the Court finds and orders as follows:

In his motion, plaintiff requests that the Court issue an order requiring the CBCC to allow him to have unrestricted access to its law library during normal open hours, so that he can have adequate time to prepare legal pleadings related to this case. The CBCC, however, is not a party to this case, and therefore is not bound by an order of this Court in this matter. See Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."). In other words, the Court "has no power to adjudicate a personal claim or obligation" against

1  the CBBC, as it lacks jurisdiction over that entity. Id.

2  Plaintiff, in addition, has not sufficiently explained why the current level of access he has to the CBCC's law library is inadequate to allow him to prosecute this case. Indeed, he has shown through the numerous filings he has made in this case, that he is able to adequately represent himself *pro se*. Nor has he demonstrated the alleged lack of sufficient access to the CBCC's law library has resulted in a lack of access to the courts. Inmates have "a constitutional right of access to the courts." Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995). That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers" by providing them with "adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).

Because "meaningful access to the courts is the touchstone" here, however, to prevail on an access to courts claim, plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Cornett, 51 F.3d at 897 (citing Bounds, 430 U.S. at 823); see also Lewis, 518 U.S. at 348 (inmate must show inadequacy of prison library or legal assistance program caused actual injury or prejudice such as inability to meet filing deadline or present claim). For example, plaintiff might show:

> [T]hat a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 352. No such showing has been made here.

Accordingly, for the foregoing reasons, plaintiff's motion for order of unrestricted access to the CBCC's law library during open hours (Dkt. #33) hereby is DENIED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 10th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge