UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WYN BOWDEN,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al*,

    Defendants.

Case No. C08-5516FDB-KLS

ORDER DIRECTING SERVICE
BY UNITED STATES
MARSHAL AND PROCEDURES

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted leave to proceed *in forma pauperis*.

The Clerk is directed to effect service as provided below:

(1) <u>Service by United States Marshal</u>.

It is hereby ORDERED that the United States Marshal shall send by first class mail to each of the defendants set forth below,[1] (a) a copy of the complaint (Dkt. #28) and of this Order, (b) two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, (c) a Waiver of service of Summons, and (d) a return envelope, postage prepaid, addressed to the Clerk's Office:

---

[1] While plaintiff listed Harold W. Clarke and Tianne J. Jones as defendants in the caption of the emergency motion for federal intervention and protection he filed on August 19, 2008 (see Dkt. #1), he does not name them as defendants in his complaint. See (Dkt. #28). In addition, the Court previously informed plaintiff that it would not consider that document, as he had filed neither a proper application to proceed *in forma pauperis* or civil rights complaint at the time (see Dkt. #8). As such, those two individuals are not parties to this case and thus need not be served. Plaintiff, furthermore, has submitted a copy of his amended complaint and service form apparently for the purpose of having them served on the Washington State Department of Corrections. Again, however, plaintiff has not named that entity as a defendant in his complaint. Accordingly, service on the Department of Corrections also will not be attempted here.

ORDER
Page - 1

| | |
|---|---|
| 1 | Christine O. Gregoire; |
| | Eldon Vail; |
| 2 | Michael L. Kenney; |
| | Kerry Arlo; |
| 3 | Correctional Program Manager Jones; |
| | Lieutenant D. Thaut; |
| 4 | Lieutenant McCarty; |
| | Norman Goddenough; |
| 5 | Greg Jones; |
| | Dee Havin; |
| 6 | Correctional Counselor II Roika; |
| | David Poe; |
| 7 | Sergeant E. Mainio; |
| | Sean Failor; and |
| 8 | Correctional Officer J. Tatro; |

All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service. The Clerk also shall send a courtesy copy of the complaint to the Washington State Office of the Attorney General.

(2) <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons. Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Fed. R. Civ. P. 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(3) <u>Filing and Service by Parties, Generally</u>.

All original documents and papers submitted for consideration by the Court in this case, and a duplicate of all such papers, are to be filed with the Clerk of this Court. The originals and copies of all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies are to be delivered. The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting *pro se*). The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this Court, or by affidavit of the person who served the papers.

(4)    <u>Motions</u>.

Any request for Court action shall be set forth in a motion, properly filed and served, pursuant to the requirements of Local Rule CR 7. If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit.

(5)    <u>Motions for Summary Judgment</u>

If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party should acquaint him/herself with Fed. R. Civ. P. 56. Fed. R. Civ. P. 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. <u>Rand v. Rowland</u>, 113 F.3d 1520 (9th Cir. 1997).

(6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7)    <u>Clerk's Action</u>

The Clerk is directed to send a copy of this Order and of the General Order issued by the Magistrate Judges to plaintiff and to defendants and defendants' counsel, if any.

DATED this 11th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge