UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE WYN BOWDEN,<br><br>             Plaintiff,<br><br>    v.<br><br>CHRISTINE O. GREGOIRE, *et al*,<br><br>             Defendants. | Case No. C08-5516FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 20, 2009 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's filing of a motion for an order for injunctive relief. (Dkt. #82). After having reviewed plaintiff's motion, defendants' response thereto and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review.

## DISCUSSION

In this motion, again filed on October 7, 2009, plaintiff seeks an order from the Court directing the CBCC, which is not a party to this case, along with three individually-named prison officials, who also are non-parties in this matter, to begin providing indigent prisoners immediately with certain legal and writing materials, and with a specified number of hours of access to the prison law library. (Dkt. #82).

The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted). To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. <u>Caribbean Marine Services Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff has made no showing that the traditional or alternative standards for obtaining preliminary injunctive relief have been met here. He has failed to show he has been harmed in any way as a result of the alleged lack of certain writing and legal materials or insufficient law library access. Indeed, given the multiple motions and other filings plaintiff so far has submitted in this case, his access to the Court hardly has been significantly impacted. Plaintiff also has not shown a likelihood of success on the merits of the claims in his complaint. Finally, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." <u>Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." <u>Id.</u>

## CONCLUSION

For all of the above reasons, the Court should deny plaintiff's motion for an order for injunctive relief. (Dkt. #82).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November**

REPORT AND RECOMMENDATION
Page - 2

1 | **20, 2009**, as noted in the caption.
2 |     The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.
3 |     DATED this 28th day of October, 2009.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3