UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE WYN BOWDEN,<br><br>                Plaintiff,<br><br>     v.<br><br>CHRISTINE O. GREGOIRE, *et al*,<br><br>                Defendants. | Case No. C08-5516FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 20, 2009 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's filing of a combined emergency motion for an order for stay of proceedings and motion for injunctive relief. (Dkt. #88). After having reviewed plaintiff's combined motion, and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review.

## DISCUSSION

In this motion, plaintiff seeks an order from the Court staying the proceedings in this matter, "until such time as appropriate relief can be obtained to eliminat [sic] the causes of" his "obstruction to being able to appropriately, addiquately [sic], and effectively litigate . . . this case." (Dkt. #87, p. 2). Also in his motion, plaintiff seeks unspecified injunctive relief against various prison officials – none of whom are

REPORT AND RECOMMENDATION
Page - 1

1 parties to this action – with respect to other unspecified "violations" allegedly committed by them, which
2 in turn allegedly obstructed his ability to access this Court. (Id. at pp. 2-3). This combined motion, as
3 with his other motion for injunctive relief (dealt with in a separate Report and Recommendation, dated the
4 same date herewith), is wholly frivolous.

5 First, also as noted in that separate Report and Recommendation, plaintiff has shown a more than
6 adequate ability to represent his interests before this Court *pro se*, as evidenced by the multiple motions
7 he has filed to date in this matter. Accordingly, plaintiff's request for a stay of proceedings is meritless,
8 and should be denied. So, too, should his request for injunctive relief be denied. The basic function of
9 preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action
10 on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200
11 (9th Cir. 1980). A party seeking injunctive relief must fulfill either of two standards, the "traditional" or
12 the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1)
> the moving party will suffer irreparable injury if the relief is denied; (2) the moving
> party will probably prevail on the merits; (3) the balance of potential harm favors the
> moving party; and (4) the public interest favors granting relief. . . . Under the
> alternative standard, the moving party may meet its burden by demonstrating either
> (1) a combination of probable success and the possibility of irreparable injury or (2)
> that serious questions are raised and the balance of hardships tips sharply in its
> favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted). To obtain injunctive relief, the
moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.
Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff has made no showing that the traditional or alternative standards for obtaining
preliminary injunctive relief have been met here. He has failed to show he has been harmed in any way
as a result of the completely unsupported allegation that his access to this Court has been obstructed.
Indeed, once more, given the multiple motions and other filings he so far has submitted in this case, his
access to the Court hardly has been significantly impacted. Plaintiff also has not shown a likelihood of
success on the merits of the claims in his complaint. Finally, "[i]t is elementary that one is not bound by a
judgment in personam resulting from litigation in which he is not designated as a party or to which he has
not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
(1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has
jurisdiction over the person of the defendant." Id.

## CONCLUSION

For all of the above reasons, the Court should deny plaintiff's combined emergency motion for an order for stay of proceedings and motion for injunctive relief. (Dkt. #88).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November 20, 2009**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 28th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge