UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESLIE WYN BOWDEN,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al*.,

    Defendants.

Case No. C08-5516FDB-KLS

REPORT AND RECOMMENDATION

Noted for November 20, 2009

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. This matter comes before the Court on plaintiff's rebuttal to defendants' answer, motion for judgment on the pleadings or demand for trial by a grand jury. (Dkt. #83). Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following recommendation for the Court's review.

## DISCUSSION

Plaintiff, who currently is incarcerated at the Clallam Bay Corrections Center ("CBCC"), alleges in his complaint – which was accepted for filing by the Court on December 9, 2008 – that his right to freely exercise his religious beliefs was violated by the defendants he names therein, while he was housed at the Stafford Creek Corrections Center ("SCCC"). (Dkt. #28). On April 14, 2009, defendants filed an

REPORT AND RECOMMENDATION
Page - 1

1  answer to plaintiff's complaint. (Dkt. #73). Plaintiff filed his rebuttal to defendants' answer, motion for
2  judgment on the pleadings or demand for trial by a grand jury on October 7, 2009. (Dkt. #83). On
3  October 16, 2009, defendants filed a response, objecting to the demands plaintiff made in his combined
4  rebuttal/motion, and requesting that the Court deny it. (Dkt. #86). The Court agrees.

5  First, as pointed out by defendants, the Federal Rules of civil Procedure ("Fed. R. Civ. P.") permit
6  the filing only of a complaint and an answer. See Fed. R. Civ. P. 7(a). The plaintiff may file "reply to an
7  answer," but only "if the court orders one." Id. The Court did not order one in this case, nor is there any
8  need for one. Indeed, plaintiff merely repeats in his "rebuttal" to defendants' answer, the allegations and
9  claims he makes in his complaint. Accordingly, that portion of plaintiff's combined rebuttal/motion that
10 constitutes his "rebuttal" – to the extent that it can be distinguished from the actual motion for judgment
11 on the pleadings, a difficult task to say the least – the undersigned will not consider it as such, although,
12 given, as just indicated, that it appears indistinguishable from the motion itself, the allegations and claims
13 contained therein shall themselves be addressed below.

14 Any party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but
15 within such time as not to delay the trial." Fed. R. Civ. P. 12(c). All allegations of material fact in the
16 non-moving party's pleadings are taken as true and "construed in the light most favorable to that party."
17 General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,
18 887 F.2d 228, 230 (9th Cir. 1989); Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).
19 All inferences to be drawn from those facts also are construed in favor of the party opposing the motion,
20 as are all "[u]ncontested allegations to which the [moving] party had an opportunity to respond." Qwest
21 Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing Flora v. Home
22 Fed'l Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982); Ludahl v. Seaview Boat Yard, Inc., 869 F.
23 Supp. 825, 826 (W.D. Wash. 1994) (citing General Conference Corp., 887 F.2d at 230).

24 The standard of review that is applied to a motion for judgment on the pleadings is essentially the
25 same as that which is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Luhdahl, 869
26 F. Supp. at 826 (citing William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 9-58.6 (The
27 Rutter Group 1993); Qwest, 208 F.R.D. at 291 (Fed. R. Civ. P. 12(b)(6) and 12(c) are substantially
28 identical). Under that standard, the Court should not dismiss a party's pleading, "unless it appears beyond

1 doubt that" that party "can prove no set of facts in support of his claim which would entitle him [or her] to
2 relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

3 As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court generally "may not consider
4 any material beyond the pleadings" in ruling on a motion on the pleadings. Lee v. City of Los Angeles,
5 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); Qwest, 208 F.R.D. at 291. Thus, Fed. R. Civ. P.
6 12(c) provides in relevant part:

> If, on a motion for judgment on the pleadings, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

See also Fed. R. Civ. P. 12(b). A motion for judgment on the pleadings must be treated as a motion for summary judgment, therefore, if either party submits materials that are outside the pleadings in support of or opposition to the motion, and the Court relies on them. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990); Jackson v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) (proper inquiry is whether court relied on extraneous matter); Qwest, 208 F.R.D. at 291 (court must appear to have relied on extrinsic evidence).

Failure to treat a motion for judgment on the pleadings as one for summary judgment is reversible error. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968). Here, however, it is not necessary to consider any outside materials submitted by the parties to rule on plaintiff's motion for judgment on the pleadings. This is because, as noted above, plaintiff merely repeats the allegations and claims made in his complaint and contests the denials thereof made by defendants in their answer. This is a wholly insufficient basis upon which to rest a motion for judgment on the pleadings, particularly in light of the fact that the Court must view the facts in the light most favorable to the non-moving party, and accordingly that motion (Dkt. #83) should be denied as frivolous. Plaintiff's request for a trial by a grand jury also as frivolous, as this is a civil, not criminal, matter.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends that the Court DENY plaintiff's combined rebuttal/motion for judgment on the pleadings (Dkt. #83).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **November 20, 2009**, as noted in the caption.

DATED this 28th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge