UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE WYN BOWDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE O. GREGOIRE, *et al*,<br><br>    Defendants. | Case No. C08-5516FDB-KLS<br><br>ORDER REGARDING PLAINTIFF'S MULTIPLE MOTIONS AND OTHER FILINGS |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on defendants' filing of the following motions/documents:

(1) Rebuttal to defendants' answer, motion for judgment on the pleadings or demand for trial by grand jury (Dkt. #76).

(2) Notice of unforeseen delays in obtaining photocopies and motion for court acceptance of plaintiff's corrected rebuttal/motion and other legal pleadings (Dkt. #79).

(3) Notice of: (a) unforeseen delays in preparing and modifying plaintiff's rebuttal/motion; (b) submission of revised subpoena; and (3) upcoming motions for stay and orders for injunctive relief (Dkt. #80).

(4) Updated notice and motion concerning plaintiff's revised subpoena (Dkt. #81).

(5) Notice of excusable mistakes/errors in preparation and motion for acceptance of

ORDER
Page - 1

the corrected copies of plaintiff's rebuttal/motion (Dkt. #84).[1]

After reviewing the above motions/documents and the balance of the record, the Court finds and orders as follows:

I. <u>(Dkt. #76) Rebuttal/Motion for Judgment on the Pleadings/Demand for Grand Jury; (Dkt. #79) Notice of Unforeseen Delays in Obtaining Photocopies/Motion for Court Acceptance of Corrected Rebuttal/Motion</u>

Plaintiff filed his first rebuttal/motion for judgment on the pleadings/demand for trial by grand jury (Dkt. #76) on September 29, 2009. On October 7, 2009, plaintiff filed his notice of unforeseen delays in obtaining photocopies/motion for acceptance of corrected rebuttal/motion and other legal pleadings (Dkt. #79), in which he requests that the Court accept for filing his corrected rebuttal/motion for judgment on the pleadings/demand for trial by grand jury (Dkt. #83). That motion for acceptance of the corrected rebuttal/motion (Dkt. #79) hereby is GRANTED. As such, plaintiff's first rebuttal/motion for judgment on the pleadings (Dkt. #76) hereby is STRICKEN.

II. <u>(Dkt. #80) Notice of Unforeseen Delays Preparing and Modifying Rebuttal/Motion, Submission of Revised Subpoena and Upcoming Motions for Stay and Orders for Injunctive Relief</u>

Here, in his second notice of unforeseen delays, filed on October 7, 2009, plaintiff requests that the Court "order that photocopying fees be waived for all requested PUBLIC DISCLOSURE material." (Dkt. #80). Although plaintiff has been granted *in forma pauperis* status in this matter, that grant merely allows plaintiff to proceed in prosecuting his claims without first paying the required Court filing fee. It does not entitle plaintiff to have other costs of litigation be paid by the government. Plaintiff also requests here that he be allowed to provide the Court with carbon copies of the documents he files, and provide photocopies of those documents a few days later. This request too is denied. Plaintiff has provided no reason why he cannot wait those extra few days to file the photocopies. As such, to the extent the requests contained in plaintiff's second notice of unforeseen delays constitutes a motion therefor, that motion (Dkt. #80) hereby are DENIED.

III. <u>(Dkt. #81) Updated Notice and Motion Concerning Plaintiff's Revised Subpoena</u>

In this updated notice and motion, which was filed on October 7, 2009, as well, plaintiff requests that the Court "accept and process" a copy of a "revised" subpoena addressed to Cynthia Hood, the DOC's Public Disclosure Specialist and a non-party to this case. (Dkt. #81). The original version of that

---

[1] Plaintiff also has failed two other motions (Dkt. #82-#83), both of which shall be dealt with by the Court separately.

1  subpoena – seeking all documents/materials relating to "various" public relations requests plaintiff had
2  made – plaintiff improperly had attempted to serve on Ms. Hood on September 14, 2007, as he did not
3  first have it issued by the Clerk as required by Fed. R. Civ. P. 45. (Dkt. #86-2, Exhibit 1, Attachment A);
4  see also Fed. R. Civ. P. 45(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a
5  party who requests it. That party must complete it before service.").

6  While plaintiff is now attempting to have a "revised" version of that subpoena properly served,
7  by first having the Clerk issue it, the Court agrees with defendants that he is too late. As they point out,
8  the deadline for completing all discovery, as ordered by the Court, was September 27, 2009. (Dkt. #74).
9  As noted above, however, plaintiff did not file his motion concerning the revised subpoena until October
10 7, 2009, more than a week after that deadline had passed. Although plaintiff claims lack of knowledge
11 with respect to Court procedures, as well as "limited learning abilities," as reasons for permitting him to
12 serve the revised subpoena at this late date, those reasons lack merit. First, plaintiff certainly has
13 demonstrated an ability to prosecute his case *pro se*, as clearly evidenced by the multiple motions he so
14 far has filed in this case, lack of knowledge and limited abilities notwithstanding. Second, *pro se*
15 plaintiffs, even those in prison, still are required to follow the Federal Rules of Civil Procedure, as well
16 as the orders issued by this Court concerning discovery and other matters.

17 For these reasons, the Court declines to order that the "revised" subpoena be issued. The Court
18 does note, though, that plaintiff apparently still can gain access to the documents/materials requested in
19 the subpoena, as it seems they have been gathered by Ms. Hood in response to a public disclosure
20 request he had made, subject only to payment of the required fees and costs therefor. See (Dkt. #86-2,
21 Exhibit 1, p. 2). Again, as explained above, plaintiff's *in forma pauperis* status in this case, does not
22 entitle him to payment of such fees and costs. The same is true with respect to plaintiff's second request
23 in his notice and motion, that the Court command "that photocopying fees be waived" due to his
24 indigency, and that "copies of all material/items be made and provided to the Court in duplicates," one
25 set of which is to be mailed to him. (Dkt. #81, p. 2). Plaintiff's updated notice and motion concerning
26 revised subpoena (Dkt. #81), therefore, hereby is DENIED.

27 IV.   (Dkt. #84) Notice of Excusable Mistakes/Errors in Preparation and Motion for Acceptance of the
       Corrected Copies of Plaintiff's Rebuttal/Motion
28
       In this notice/motion, plaintiff again requests that the Court accept his corrected rebuttal/motion

1 for judgment on the pleadings/demand for trial by grand jury (Dkt. #83). As discussed above, however,
2 the Court has granted herein his motion for acceptance of that corrected rebuttal/motion. (Dkt. #79). As
3 such, this second notice/motion for acceptance thereof (Dkt. #84) is redundant, and, accordingly, hereby
4 is DENIED as moot.

5     The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

6     DATED this 28th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge